UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALFRED P. MAYO,
    *Plaintiff*,

v.

CITY OF NEW BRITAIN *et al.*,
    *Defendants*.

No. 3:20cv354 (JAM)

**ORDER TO SHOW CAUSE WHY COMPLAINT
SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Alfred P. Mayo has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant City of New Britain and various police officers. Because it appears that the complaint does not allege facts that give rise to plausible grounds for relief, the Court issues this order to show cause for Mayo to file a response by **March 24, 2020**.

### BACKGROUND

On March 16, 2020, Mayo filed a *pro se* complaint against the City of New Britain and various police officers alleging in principal part that he was subject to false arrest by the police on October 15, 2015. He also alleges additional state law claims stemming from this same incident. Doc. #1.

### DISCUSSION

The Court has authority to review and dismiss a complaint filed *in forma pauperis* if the complaint is "frivolous or malicious" or if otherwise "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). As the Second Circuit has made clear, a dismissal pursuant to section 1915(e)(2)(B) may be appropriate if the complaint indisputably alleges a

1

cause of action that is barred by the statute of limitations. *See Ward v. City of New York*, 777 F. App'x 540, 542 (2d Cir. 2019) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

If a plaintiff is a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g., Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish at least plausible grounds for a grant of relief. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In the ordinary course, the Court will not dismiss a complaint *sua sponte* without affording the plaintiff a reasonable opportunity to respond to the concerns that would warrant dismissal. *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007). The purpose of this ruling is to state the Court's concerns so that Mayo may promptly respond or file an amended complaint that addresses these concerns.

The Fourth Amendment to the U.S. Constitution protects the right of the people to be free from unreasonable search or seizure. *See* U.S. Const. amend. IV. Any claim pursuant to 42 U.S.C. § 1983 for a violation of the Constitution is subject to a three-year statute of limitations. *See, e.g., Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d. Cir. 1994). When a plaintiff seeks to file a complaint claiming he has been subject to false arrest in violation of the Fourth Amendment, the date of arrest triggers the start of the statute of limitations time period. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Dancy v. McGinley*, 843 F.3d 93, 111 (2d Cir. 2016).

It appears that Mayo's constitutional claim is plainly barred by the statute of limitations. He was arrested in October 2015 but did not file this complaint until March 2020. He waited nearly a year-and-a-half after the statute of limitations apparently expired before filing this action.

A statute of limitations may be subject to equitable tolling only in "rare and exceptional circumstances," where there are "extraordinary circumstances [that] prevented a party from timely performing a required act," and only if "the party acted with reasonable diligence throughout the period he sought to toll." *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). Mayo does not allege any extenuating facts to warrant equitable tolling of the statute of limitations.

Although Mayo does not explicitly allege a claim for malicious prosecution under the Fourth Amendment, it is possible that he means to do so. A claim for malicious prosecution is also subject to a three-year statute of limitations period but the statute of limitations does not begin to run until the prosecution terminates in the plaintiff's favor. *See Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017). Still, Mayo does not allege any facts to suggest that any prosecution terminated in his favor, much less facts to suggest that the prosecution terminated in his favor within three years of the date of his filing of this complaint in March 2020. Mayo has therefore not alleged facts to support a plausible claim for malicious prosecution.

Mayo also alleges several state law claims. But because Mayo lists an address for himself in New Britain, Connecticut and has filed suit against other Connecticut defendants, it does not appear that a federal court would have independent federal diversity jurisdiction over these state law claims, *see* 28 U.S.C. § 1332, and I would almost certainly decline to exercise supplemental jurisdiction over state law claims in the absence of a valid federal constitutional claim. *See* 28 U.S.C. § 1367(c)(3); *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013).

## CONCLUSION

For the reasons stated above, it appears that the complaint is subject to dismissal on the ground that it does not allege a claim for a violation of the Constitution that is not barred by the statute of limitations. The Court will allow Mayo an opportunity to file a response by **March 24, 2020**, to explain why this action should not be dismissed or to file by that date an amended complaint that sets forth factual allegations to overcome the deficiencies explained in this ruling.

It is so ordered.

Dated at New Haven this 17th day of March 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge